IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **VIOLET L. GOODWIN,** | CASE NO. 8:11CV326 |
| **Plaintiff,** | |
| v. | **MEMORANDUM** |
| | **AND ORDER** |
| **SCOTT BENSON, KEVIN DENKER,** and **OMAHA CITY PLANNING,** | |
| **Defendants.** | |

Plaintiff filed her Complaint in this matter on September 23, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.    SUMMARY OF COMPLAINT**

Plaintiff filed her Complaint on September 23, 2011, against two Defendants, Scott Benson and Kevin Denker, who Plaintiff identifies as "Omaha City Planning" employees. (Filing No. 1 at CM/ECF p. 1.)

Plaintiff's allegations are difficult to decipher. As best as the court can tell, Plaintiff alleges that she and her daughter "have been squatting in" a home in Omaha, Nebraska. (*Id.* at CM/ECF pp. 1-2.) Defendants apparently disagree that Plaintiff has "squatter's rights" in the property and requested that she vacate the property and posted signs on the property. (*Id.*) Plaintiff alleges that Defendant Benson "told her to shut up" and "yelled" at Plaintiff for bringing her father, Billy Tyler, to the courthouse. (*Id.* at CM/ECF p. 3.) Plaintiff requests that the court enter "an injunction requiring Defendants to recognize her 'squatter's rights." (*Id.* at CM/ECF p. 4.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. Burke v. North Dakota Dep't of Corr. & Rehab., 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

## III. DISCUSSION OF CLAIMS

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of

each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Here, Plaintiff does not allege that her citizenship is different from the citizenship of each Defendant. (Filing No. 1.) Further, Plaintiff does not seek monetary damages, instead requesting injunctive relief only. (*Id.* at CM/ECF p. 4.) Thus, Plaintiff has failed to establish diversity of citizenship jurisdiction as a basis for jurisdiction in this matter.

However, subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). As set forth above, Plaintiff's allegations are difficult to decipher. Liberally construed, Plaintiff does not set forth any specific actions taken by Defendants which violate any constitutional right or support a claim under 42 U.S.C. § 1983 or any other federal statute. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). In short, Plaintiff does not allege that Defendant deprived her of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law." *West*, 487 U.S. at 48; *Buckley*, 997 F.2d at 495. At best, Plaintiff asserts claims, and seeks relief, pursuant to state law, such as claims relating to adverse

3

possession or trespass.[1]  As such, the court lacks subject matter jurisdiction, and the Complaint is dismissed without prejudice.

   IT IS THEREFORE ORDERED that:

   1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice;

   2. A separate Judgment will be entered in accordance with this Memorandum and Order; and

   3. Plaintiff's Motion for Temporary Restraining Order (Filing No. 6) is denied.

   DATED this 7th day of December, 2011.

                                          BY THE COURT:


                                          s/Laurie Smith Camp
                                          Chief United States District Judge

---

[1] Notably, Plaintiff attaches a Nebraska Court of Appeals decision that she claims establishes her "squatter's rights" by virtue of "adverse possession" under Nebraska state law.  (Filing No. 1 at CM/ECF pp. 3, 5-9.)

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.